UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARSHALL COBB, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01303-JPH-DML |
| | ) | |
| BENJAMIN Judge, | ) | |
| KATHLEEN BURNS Prosecutor, | ) | |
| CURTIS HILL Attorney General, | ) | |
| LORETTA RUSH Judge, | ) | |
| KIT C. DEAN CRANE Judge, | ) | |
| BARBARA HARCOURT Judge, | ) | |
| STATE OF INDIANA, | ) | |
| NANCY VAIDIK Judge, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR
INFORMATION, DENYING MOTION FOR LEAVE TO PROCEED *IN
FORMA PAUPERIS*, SCREENING COMPLAINT, AND DIRECTING
FURTHER PROCEEDINGS**

Plaintiff Marshall Cobb, Sr., is a prisoner at New Castle Correctional
Facility.  *See* dkt. 1.  Mr. Cobb filed this 42 U.S.C. § 1983 action against a
prosecutor, the Attorney General, several judges, and the State of Indiana.  *See
id.*

**I.
Motion for information**

Plaintiff Marshall Cobb's motion for information, dkt. [8], is **GRANTED in
part and DENIED in part**.  Mr. Cobb's motion is **granted** to the extent that
none of the named defendants in this case will be the ultimate decisionmaker.
Mr. Cobb's motion is **denied** to the extent that it seeks "a complete copy of the
record that the clerk claims he has assembled."  Dkt. 8 at 1.  Instead, the **clerk**

1

**shall** include a copy of the docket with Mr. Cobb's copy of this Order. Mr. Cobb may review the docket and request copies of specific Orders he believes he needs to pursue this case.

## II.
## Motion to proceed *in forma pauperis*

Mr. Cobb's motion to proceed *in forma pauperis*, dkt. [7], is **GRANTED**. See 28 U.S.C. § 1915(a).  While *in forma pauperis* status allows Mr. Cobb to proceed without prepaying the filing fee, he remains liable for the full fees. *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' . . . but not without ever paying fees.").  No payment is due at this time.

## III.
## Screening the complaint

### A.    Screening standard

Because Mr. Cobb is a prisoner as defined by 28 U.S.C. § 1915A(c), the Court must screen his complaint under 28 U.S.C. § 1915A(b).  Under this statute, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).   In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).  To survive dismissal,

> [the] complaint must contain sufficient factual matter,
> accepted as true, to state a claim for relief that is
> plausible on its face.  A claim has facial plausibility
> when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**B.     The complaint**

The complaint names eight defendants: (1) Judge Benjamin; (2) Prosecutor Kathleen Burns; (3) Judge Nancy Vaidik; (4) Attorney General Curtis Hill; (5) Judge Loretta Rush; (6) Judge Kit C. Dean Crane; (7) Judge Barbara Harcourt; and (8) the State of Indiana.  Dkt. 1 at 2.  Mr. Cobb seeks monetary damages and declaratory relief.  *Id.* at 3.

The complaint alleges that Mr. Cobb filed his Petition for Habeas Corpus in the Circuit Court of Henry County.  *Id.* at 2.  In response, Attorney General Curtis Hill claimed that Mr. Cobb was attacking his conviction and sentence. *Id.*  Judge Barbara Harcourt then transferred the action to Bartholomew County despite Indiana law.  *Id.*  Mr. Cobb alleges that his Petition was actually about introducing newly discovered evidence, and the people who scared the alleged victim into lying during the trial—Judge Burns, Judge Stephen Heimann, and Detective Martoccia.  *Id.*

### C.    Discussion of claims

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted).

Mr. Cobb's claims against Judge Harcourt are barred because a "judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage,* 636 F.3d 834, 838 (7th Cir. 2011); *see also Mireles v. Waco,* 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Transferring Mr. Cobb's Petition to Bartholomew County was a judicial action, which the judge plainly had the authority to do.  Therefore, the claims against Judge Harcourt must be **dismissed**.

Similarly, Mr. Cobb's claims against Judge Burns are barred because she has absolute immunity.  Judicial immunity is not overcome with allegations that the act is illegal, unauthorized, or motivated by bad faith. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (noting judicial immunity is "not overcome with allegations of bad faith or malice").  Judicial immunity applies despite Mr. Cobb's claims that she conspired with Judge Heimann, Detective Martoccia and Dr. Larry Schneider.  *Pena v. Mattox*, 84 F.3d 894, 897 (7th Cir. 1996) ("It would not do to strip a judge or prosecutor of his immunity merely because he

conspired with nonimmune persons."). Therefore, the claims against Judge Burns must be **dismissed**.

Mr. Cobb's claims against Attorney General Hill are barred because he has absolute immunity, having acted as a lawyer for the state when responding to Mr. Cobb's Petition. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *see also Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000). Therefore, the claims against Attorney General Hill must be **dismissed.**

Last, the complaint does not allege any improper conduct by several of the defendants. Merely naming Judge Vaidik, Judge Rush, and Judge Crane, and the State of Indiana in the caption of the complaint is not enough. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints."); *accord Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Because Mr. Cobb fails to make any allegations against Judge Vaidik, Judge Rush, Judge Crane, and the State of Indiana, any claims against them must be **dismissed**.

For the reasons discussed above, Mr. Cobb's claims against all defendants in this action are **dismissed**.

**D.      Further proceedings**

Mr. Cobb **SHALL HAVE through August 31, 2020,** in which to show cause why Judgment consistent with this Entry should not issue. If he does not do so, the Court will dismiss this case without prejudice without further notice.

The **clerk shall** include a copy of the docket with Mr. Cobb's copy of this Order.

**SO ORDERED.**

Date: 8/7/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARSHALL COBB, SR.
129571
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

6